## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA M. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-305-GKF-TLW |
| | ) |
| 1) OTTAWA COUNTY SHERIFF'S DEPARTMENT; | ) |
| 2) TERRY DURBOROW in his official capacity as OTTAWA COUNTY SHERIFF; | ) |
| 3) OTTAWA COUNTY COURT CLERK'S OFFICE; | ) |
| 4) CATHY WILLIAMS in her official capacity as OTTAWA COUNTY COURT CLERK; | ) |
| 5) TOWN OF NORTH MIAMI POLICE DEPARTMENT; | ) |
| 6) TOWN OF NORTH MIAMI; | ) |
| 7) BOARD OF COUNTY COMMISSIONERS OF OTTAWA COUNTY, | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

Before the court are six separate Motions to Dismiss. Five were filed individually by the Ottawa County Sheriff's Department (Dkt. #12), Ottawa County Clerk's Office (Dkt. #13), Ottawa County Sheriff Terry Durborow (Dkt. #14), Board of Commissioners of Ottawa County (Dkt. #15), and Ottawa County Court Clerk Cathy Williams (Dkt. #16). The sixth was filed jointly by the Town of North Miami and the Town of North Miami Police Department ("Police") (Dkt. #22).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. 544). The "facial plausibility" standard explicitly replaced the historic "no set of facts" standard. *Twombly*, 550 U.S. at 563. A court need not accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. The federal pleading standards do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

The Police argue that they are not a proper party to this case because in Oklahoma, a municipal police department has no separate legal identity from the municipality itself. (Dkt. #22, p.4). The Ottawa County Court Clerk's Office and the Ottawa County Sheriff's Department similarly argue that they are not independent legal entities subject to suit or liability because they are merely departments of Ottawa County. (Dkt. #12, p.1-2; Dkt. #13, p.1-2). Reed disagrees but provides no case law that any municipal department or office has ever been deemed an independent legal entity subject to suit or liability. (See Dkt. #23, p.5). The case law brought to this court's attention from federal courts in Oklahoma and the Tenth Circuit is in unanimous agreement that departments of municipalities are not separate legal entities. *See Shangreaux v. Midwest City Police Dept.*, 936 F.2d 583, *2 (10th Cir. 1991); *Carpenter v. Oklahoma County, Okla.*, 2009 WL 277845, *3 (W.D. Okla. Aug. 28, 2009); *Snider v. U.S. Dept. of Justice*, 2008 WL 4837367, *5 (W.D. Okla. 2008); *see also Martinez v. Winner*, 771 F.2d 424, 442, 444 (10th Cir. 1985) (holding that governmental departments such as the Dept. of Justice, FBI, and Denver Police Department are not separate legal entities). Because the Town of North Miami Police Department has no separate legal identity apart from its municipality, it is dismissed from this case with prejudice. The Ottawa County Court Clerk's Office and the Ottawa County Sheriff's Department are also dismissed with prejudice because they have no independent legal identity.

Reed's complaint alleges claims for relief under 42 U.S.C. § 1983 and 1988. (Dkt. #3, p.1). All defendants argue that each claim against them should be dismissed because Reed's complaint fails to state a claim upon which relief can be granted. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original). "A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. County Bd. of County Com'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). A policy must be a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a municipality's] officers." *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) (citations omitted). A custom must be a practice that is "persistent and widespread." *Id.* Generally, "allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

In *Fraire*, a §1983 case arising in the Fifth Circuit, the complaint articulated two paragraphs worth of policy and custom allegations, but failed to allege specific facts relating to how the policy or custom caused the alleged harm. The Fifth Circuit stated that the "Plaintiffs did not come close to the degree of particularity required to plead a § 1983 claim adequately." *Id.* The "blunderbuss phrasing of the arguable claims" were "wholly insufficient to state a §1983 claim." *Id.* (quoting *Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985).

Reed's complaint also fails to allege any specific facts upon which a fact finder could plausibly determine that any policy or custom existed that violated the Constitution. It sets forth broad legal conclusions that "[d]efendants, under color of statute, ordinance, regulation, custom or

usage . . . have violated Reed's Fourth Amendment rights." (Dkt. #3, p.5-8). Reed argues that it can be "reasonably inferred" that customs or policies caused her injury, but it is a plaintiff's burden to plead facts, not to imply those facts. *See Iqbal*,129 S.Ct. at 1949. Reed wishes to wait until discovery to declare "who did what," but this court will not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Therefore, Reed's complaint must be dismissed without prejudice as to all remaining defendants.

WHEREFORE, the Motion to Dismiss of the Ottawa County Sheriff's Department (Dkt. #12) is granted with prejudice. The Motion to Dismiss of the Ottawa County Clerk's Office (Dkt. #13) is granted with prejudice. The Motion to Dismiss of the Town of North Miami and the Town of North Miami Police Department (Dkt. #22) is granted with prejudice with respect to the Police, and without prejudice with respect to the Town of North Miami. The Motion to Dismiss of the Ottawa County Sheriff Terry Durborow (Dkt. #14) is granted without prejudice. The Motion to Dismiss of the Board of Commissioners of Ottawa County(Dkt. #15) is granted without prejudice. The Motion to Dismiss of the Ottawa County Court Clerk Cathy Williams (Dkt. #16) is also granted without prejudice. The issue of whether plaintiff may file an Amended Complaint will be determined upon resolution of the pending Motion to Amend (Dkt. #34), which is not yet ripe.

IT IS SO ORDERED this 16th day of December, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma